IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM.NO. 17-629 (FAB) |
| v. | |
| JUAN CARLOS MALDONADO-JAVIER<br>Defendant | |

## SENTENCING MEMORANDUM

**TO THE HONORABLE FRANCISCO A. BESOSA**
**JUDGE OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

Comes now, defendant, JUAN CARLOS MALDONADO-JAVIER, through the undersigned attorney, and respectfully alleges and prays as follows:

### INTRODUCTION

1. Mr. Maldonado is scheduled to be sentenced on May 23, 2018 before this Honorable Court.

2. On February 21, 2018, Mr. Maldonado pled guilty to Count One of the Indictment in accordance to a plea agreement reached with the Government pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

3. Pursuant to the plea agreement, as to count one, the parties agreed as per USSG section 2L1.2(a), a base offense level of eight (8), plus a eight (8) levels increase since the defendant sustained a conviction for a felony offense (other than illegal reentry offense) for which the sentence imposed was two years or more pursuant to USSG section 2L1.2(b)(2)(B). Furthermore, the Government agreed to recommend a three (3)

levels reduction for the defendant's timely acceptance of responsibility as per USSG section 3E1.1(a)&(b) for a **Total Offense Level of Eight (13).** Finally, as to Count One, the parties agreed to reserve the right to recommend a sentence at the lower end of the applicable guideline sentencing range for a total offense level of thirteen (13). In light of the above, at his sentencing hearing, Mr. Maldonado will respectfully request from this Honorable Court to grant **eighteen months (18)** of his imprisonment considering that **the applicable sentencing range is eighteen (18) to twenty four (24) months** pursuant to his criminal history category of III.

4. Mr. Maldonado hereby respectfully requests that this Honorable Court impose **a sentence of eighteen (18) months of imprisonment pursuant to the plea agreement, giving him the time credit for BOP to account for the time of imprisonment already served on custody for the instant offense since his arrest on December 3, 2017. 18 U.S.C. sec. 3585(b)**

**HISTORY AND CHARACTERISTICS**

On March 26, 2018, on interview with Probation Officer, Mr. Maldonado accepted responsibility for the offense conduct as stipulated in the plea agreement. He feels repentant and deeply sorry for his mistake. He expresses that he would not try to illegally re-entry the United States again. As the reason, but not being an excuse for his mistake, Mr. Maldonado committed this offense, risking his life and freedom, because he wanted to contact his mother and to provide economic support for his daughters' education.

Mr. Maldonado is suffering not being with his family, he considers his mother his best friend. He has always worked to help his family financially. He even was not able to

complete high school education since he had to begin to work on an early age cleaning shoes, and helping his mother with his siblings, so that she could work. He also was his mother's caretaker at times when she suffered of a medical condition. Nevertheless, he would like to complete his GED and a vocational course in electricity. At the time of his arrest he was working in construction in the Dominican Republic, and when released he will also work in construction.

Mr. Maldonado is a (34) years old hard working man who has lived a humble life with economic hardship which caused him to commit this mistake. During his imprisonment he has learned that all his work and sacrifices in life can't end up in prison and currently has become closer to God.

It is in the best interest of Mr. Maldonado towards an adequate sentence that this Honorable Court considers the aforementioned mitigating factors when imposing his sentence.

## CONCLUSION

The sentencing guidelines are advisory and after **U.S. v. Booker,** 543 U.S. 220 (2005), district courts are not bound by the sentencing guidelines. However, the courts are required to consider the guidelines together with the factors outlined in Title 18 U.S.C. §3553 (a). See **Rita v. United States,** 127 S.Ct. 2456 (2007); **Gall v. United States,** 128 S. Ct. 586 (2007). In sentencing an individual "the court should consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify the crime and punishment to ensue." **Gall v. United States,** supra.

The sentencing courts should comply with the statutory directive that sentences should "**be sufficient, but not greater than necessary**" to effectuate the ends of justice. Therefore, when these factors are considered the statutory goals of sentencing are achieved. 18 U.S.C. §3553 (a); **United States v. Scherrer,** 444 F.3d. 91 (1 Cir. 2006) (en banc).

**WHEREFORE,** it is respectfully requested that this Honorable Court takes notice of the above and sentence Mr. Maldonado to **eighteen (18) months of imprisonment pursuant to the plea agreement, giving him time credit for BOP to account for the time of imprisonment already served on custody for the instant offense since his arrest on December 3, 2017. 18 U.S.C. sec. 3585(b)** Such sentence will comply with the statutory directive that sentences should "**be sufficient, but not greater than necessary**" to effectuate the ends of justice. Mr. Maldonado also requests a recommendation to BOP to serve his sentence at **Moshannon Valley Correctional Institution in Pennsylvania**.

In San Juan, Puerto Rico this May 17, 2018.

RESPECTFULLY SUBMITTED.

*S/ EMILIO F. MORRIS ROSA*
EMILIO F. MORRIS ROSA
USDC # 231503
P.O. BOX 5129
CAROLINA, P.R. 00984-5129
TEL. (787) 632-6381
emiliofmorris@gmail.com

I hereby certify that on May 17, 2018, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the parties on record.

***S/ EMILIO F. MORRIS ROSA***